evidence in an action for damages caused by fire set by a railroad locomotive, where the engineer and supervisor of appliances testified that no changes had been made in the arrester before examination, and it is also shown that it was the same one brought into court and was in good condition when examined.

4. TRIAL, § 78*—*when rebuttal evidence may be excluded.* Testimony offered in rebuttal by a plaintiff in an action for damages caused by fire set by a railroad locomotive, as to the burning, may be refused where the subject matter of the testimony was fully gone into in the case in chief.

5. APPEAL AND ERROR, § 1639*—*when omission in instruction is cured.* An instruction omitting to state that proof must be made by a preponderance of evidence will not reverse where the omission could not have misled when all the instructions were considered together.

# Warren Watson, Appellee, v. Alice E. Vollentine, Appellant.

## (Not to be reported in full.)

Appeal from the Circuit Court of Madison county; the Hon. LOUIS BERNREUTER, Judge, presiding. Heard in this court at the March term, 1913. Affirmed. Opinion filed October 9, 1913.

## Statement of the Case.

Action by Warren Watson against Alice E. Vollentine to recover money claimed to be due to plaintiff for selling real estate owned by defendant under a written instrument giving plaintiff authority to make the sale. From a judgment in favor of plaintiff for six hundred and ninety dollars, defendant appeals.

Appellant claims that the contract relied on was unilateral and void for want of mutuality; that the court erred in excluding certain evidence offered by appellant and in the rulings in regard to the instructions; and that the proofs did not entitle appellee to recover.

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

C. H. BURTON, for appellant.

P. H. HILES and J. L. SIMPSON, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

## Abstract of the Decision.

1. CONTRACTS, § 13*—*when not void for want of mutuality.* A written instrument giving a person authority to sell real estate and to pay compensation for finding a purchaser, *held* not unilateral and void where one party has procured a purchaser and the other has received the purchase money.

2. BROKERS, § 84*—*when evidence of amount expended by principal incompetent.* In an action to recover compensation for procuring a purchaser of real estate for defendant, evidence offered by defendant as to amount she had expended to perfect the title and to pay interest on mortgage *held* incompetent where the written agreement between the parties provided that defendant should bear this expense.

3. BROKERS, § 95*—*when instruction on effect of revocation of contract, properly modified.* In an action on a contract to recover compensation for selling real estate for defendant, defendant's instruction telling the jury that defendant had a right to revoke the contract and thereby deprive plaintiff of compensation, *held* properly modified so as to require such revocation to have taken place prior to the execution of the sale.

---

## John J. Bundy, Public Administrator, Appellant, v. Roy Wilkins et al., Appellees.

EXECUTORS AND ADMINISTRATORS, § 28*—*when nominee of next of kin entitled to appointment as administrator.* Where an intestate dies leaving only nephews and nieces and grandnephews and grandnieces as next of kin, a nominee of a majority of all the resident next of kin who are competent to administer, *held* entitled to appointment as administrator as against the right of the public administrator to administer, where the nomination is made within sixty days after the death of the intestate.

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.